### GOMPRECHT et al. v. SCOTT.

(City Court of New York, General Term. December 13, 1898.)

1. SUPPLEMENTARY PROCEEDINGS—MOTION BY STRANGER TO PROCEEDINGS.
   A stranger to an action, and to supplementary proceedings therein, claiming ownership of the moneys collected by the receiver therein, has no standing to move that such moneys be paid over to her.

2. SAME—APPEAL BY DEBTOR.
   The judgment debtor, not having been a party to a motion to compel the receiver in supplementary proceedings to pay over money collected to a third person, cannot appeal from an order denying the same.

Appeal from special term.

Action by Gus Gomprecht and another against Libbie M. Scott. From an order denying a motion to compel the receiver in supplementary proceedings, therein appointed, to pay over to her certain moneys, Minna Scott and defendant, Libbie M. Scott, appeal. Dismissed.

Argued before McCARTHY, SCHUCHMAN, and OLCOTT, JJ.

David M. Kellogg (Samuel Keeler, of counsel), for appellants.

Martin & Weil (Arnold Charles Weil and Lawrence Arnold Tanzer, of counsel), for respondents.

OLCOTT, J. This appeal is from an order made July 15, 1898, denying a motion to compel the receiver herein to pay over to Minna Scott certain moneys received by him under the following circumstances: On June 15, 1898, Matthew H. Tully was, by order of this court, appointed receiver of the property of Libbie M. Scott, in supplementary proceedings, on a judgment obtained in an action brought against her by the plaintiffs. The receiver obtained from the Plaza Bank, which had been examined in third-party proceedings, the sum of $457.53 held by that bank to the credit of the judgment debtor. On June 16th an order of this court was made directing the receiver to satisfy the judgment, and to make certain other payments, and to pay the balance of the fund to the judgment debtor should she apply therefor within five days; otherwise to the city chamberlain. The receiver made the payments as directed, and notified the judgment debtor that he held the balance of the fund at her disposal. Thereafter the judgment debtor obtained an order to show cause why the order appointing the receiver and the third-party order should not be vacated, and the receiver directed to repay to the Plaza Bank or to Minna Scott the moneys so taken, the judgment debtor claiming that the said moneys were held by her in trust for said Minna Scott. This motion was, after argument before Mr. Justice McCarthy, denied, with costs; but the order denying the same, which was entered June 22, 1898, directed that further testimony be taken as to whether the fund was the property of the judgment debtor, and the receiver was directed to retain in his hands the balance of the fund, amounting to $198.55, until further order and direction herein. On this order, and on the testimony taken thereunder, a motion was made on behalf of Minna Scott, a stranger to the proceedings, for an order directing the receiver to forthwith pay over to her the sum of $457.53, received by him from the Plaza Bank. From the order denying that motion this appeal is taken, by both the defendant and Minna Scott, though the motion was made by the latter alone.

While the record before us gives rise to the suspicion that the hurried accounting and discharge of the receiver were accomplished with the purpose of avoiding a careful inquiry into the question of the ownership of the money which the receiver took, we are unable, upon this appeal, to grant any relief to the appellants; for the moving party upon the motion which resulted in the order appealed from was a stranger both to the action and the special proceedings, and therefore had no standing which permitted her to make the motion. Wright v. Weisel, 19 App. Div. 630, 46 N. Y. Supp. 483. And the judgment debtor was not a moving party, and therefore has no standing which permits her to take this appeal.

The appeal will therefore be dismissed, but without costs. All concur.